IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

F I L E D

AUG – 7 2012

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| JOSHUA M. ADLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:11-cv-1167 |
| | ) |
| CFA INSTITUTE, a Virginia Nonstock | ) |
| Corporation | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on the parties' Joint Motion to Seal Court Files. Dkt.

No. 135. This civil action was brought by Joshua Adler ("Plaintiff") against the CFA Institute

("Defendant"), a professional membership organization, for alleged procedural improprieties in

connection with disciplinary action taken by Defendant against Plaintiff. The parties have

reached a settlement in this matter and now request that the Court seal all records and documents

filed in the case. Some of the documents filed in this case contain allegations that Plaintiff

cheated or gave the appearance of cheating on a professional examination administered by

Defendant. In support of their motion, the parties argue that these documents could "promote

public scandal" or subject Plaintiff to "unfair business disadvantage," and that there is no proper

purpose in continued public disclosure of the records in this case. Joint Mot. to Seal at 3. On July

23, 2012, the Court provided public notice of the parties' Joint Motion to Seal Court Files and an

opportunity for members of the general public to file objections to the motion by August 6, 2012.

The time for objections has now expired, and no objections have been filed.

The issue before the Court is whether to seal all records and documents filed in this case where some of these records and documents contain allegations that Plaintiff cheated or gave the appearance of cheating on an examination administered by Defendant. The Court will not seal the documents filed in this case because the parties assert no significant interest that outweighs the public's right of access to these records. Even the less drastic alternative of redacting Plaintiff's name from the court records is inappropriate because the subject matter of this litigation is not of a particularly sensitive or highly personal nature, and the Court has been shown no substantial risk of retaliation to Plaintiff as a result of public disclosure of his identity.

I.     DISCUSSION

A.  Sealing the Court Records

The Court denies the parties' Joint Motion to Seal Court Files because they assert no significant interest that outweighs the public's right of access to judicial records and documents. The public has a common law right to access, inspect, and copy court records and documents. *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The public right of access to court files is not absolute, however. *Nixon*, 435 U.S. at 598. The Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight*, 743 F.2d 231, 235.

"The party seeking to overcome the [common law] presumption [of access] bears the burden of showing some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Access to court files may be denied, for instance, "(1) where disclosure may be used to gratify private spite or promote public scandal, (2) where disclosed records may serve as reservoirs of libelous statements for press

2

consumption, or (3) where disclosure might reveal trade secrets[.]" *Under Seal v. Under Seal*, 326 F.3d 479, 485-86 (4th Cir. 2003) (citing *Nixon*, 435 U.S. at 598-99). In deciding whether to seal court records and documents, the court should consider factors including "whether the records are sought for improper purposes . . . ; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight*, 743 F.2d 231, 235 (citing *Nixon*, 435 U.S. at 597-608). The trial court is to exercise its discretion to seal court files "in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

The First Amendment to the United States Constitution guarantees public access to trials, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575-76 (1980), and this guarantee extends to particular court records and documents, including those filed in connection with dispositive motions in civil cases. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Rushford*, 846 F.2d at 253). Denial of public access to such court records is justified only if it is required by compelling governmental interest and "there is no less restrictive way to serve that governmental interest." *Rushford*, 846 F.2d at 253.

Provided that the standard under which the court must consider motions to seal court documents depends on the nature of the documents, the court must determine whether the public's right of access to the documents is protected by the First Amendment or arises solely from the common law. *Id.* Additionally, the court must "provide public notice of the request to seal and allow interested parties a reasonable opportunity to object." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Before granting a request to seal court records, the court must "consider less drastic alternatives to sealing the documents[.]" *Id.* If the court decides that sealing

3

the court documents is appropriate, it must "provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.*

Here, the Court has provided public notice of the parties' request to seal all documents filed in this case and an opportunity for interested members of the public to object to this request. The Court has received no objections to the request to seal. However, even where all of the litigants request that the court files be sealed and no one objects, the court "must engage in a careful deliberation on the issue." *K.S. v. Ambassador Programs Inc.*, No. 1:10-CV-439, 2010 WL 3565481, at *2 (E.D. Va. Sep. 3, 2010).

The Court holds that the sealing of all records and documents filed in this case is totally inappropriate. Specifically, the Court holds, first, that the public's right of access to many of these documents is protected by the First Amendment, including two dispositive motions and related briefs and exhibits. The parties assert no compelling governmental interest that necessitates or justifies the sealing of these documents. Second, the parties assert no significant interest that outweighs the public's right of access to those documents filed in this case that are not constitutionally protected. The only interests cited by the parties in support of their request to seal the records in this case is Plaintiff's own reputational and privacy interests, which Plaintiff previously asserted in connection with his Rule 5.2 Motion. In denying this motion, the Court did not, and still does not, find Plaintiff's reputational and privacy interests significant enough to outweigh the public's common law right of access to court records.

The parties offer no evidence of any likelihood that the documents filed in this case will be sought and used for improper purposes. An employer's background check on a job applicant or candidate for promotion or transfer that includes inquiry into the candidate's litigation history is not an improper purpose for accessing court records. The parties offer the Court no reasons or

4

facts to support the inference that anyone is likely to use the documents filed in this case to improperly pressure Plaintiff or to unfairly gain a business advantage. The Court does not find that public access to the records of this case would "enhance the public's understanding of an important historical event." *In re Knight*, 743 F.2d 231, 235 (citing *Nixon*, 435 U.S. at 597-608). However, by the same token, the Court does not find any reason to believe that records would "promote public scandal" or "serve as reservoirs of libelous statements for press consumption." *Under Seal v. Under Seal*, 326 F.3d 479, 485-86 (4th Cir. 2003) (citing *Nixon*, 435 U.S. at 598-99).

For these reasons, the Court denies the parties' request to sever public access to the documents and records filed in this case.

## B. Redacting the Plaintiff's Name

Additionally, the Court finds that redaction of Plaintiff's name from the court records would constitute a less restrictive and less drastic alternative to sealing all documents filed in this case but even this alternative is unsatisfactory. Identifying the parties to judicial proceedings is a vital component of the courts' facilitation of public access to and public scrutiny of judicial proceedings. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188-189 (2d Cir. 2008) (citing *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)); *see also James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) ("the general presumption of openness of judicial proceedings applies to party anonymity as a limited form of closure") (citing *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)). "The people have a right to know who is using their courts." *Blue Cross*, 112 F.3d at 872, *quoted in Sealed Plaintiff*, 537 F.3d at 189. However, "[w]here the issues involved are matters of a sensitive and highly personal nature, . . . the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very

private matter." *Wynne & Jaffe*, 599 F.2d at 712-713 (quoting *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974)) (internal quotation marks and brackets omitted).

In *James v. Jacobson*, 6 F.3d 233, the United States Court of Appeals for the Fourth Circuit provided guidance to the "proper exercise of discretion" by district courts in a list of factors that should be considered in assessing parties' requests for anonymity. 6 F.3d at 238-239. Derived from a number of federal circuit and district court decisions, the *Jacobson* factors include the following:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.*

The Court has previously considered the *Jacobson* factors in connection with Plaintiff's Rule 5.2 Motion to File Complaint Under a Substituted Legal Name, and Plaintiff reasserted his arguments on this issue in connection with his Motion for Reconsideration. Upon consideration of the *Jacobson* factors, the Court denied both motions, and the Court still holds that the reputational interests cited by Plaintiff do not outweigh the public's right to know his identity. First, the interests Plaintiff asserts are not privacy interests in a matter of a particularly sensitive or highly personal nature but are simply interests in avoiding the embarrassment and exposure to public scrutiny that commonly attend litigation. Second, the parties fail to demonstrate that

public disclosure of Plaintiff's identity poses a risk of retaliatory physical or mental harm to him or to anyone else. Third, Plaintiff is an adult and therefore cannot assert the sort of privacy interest deserving of this Court's special protection as might be asserted by a child or parent of a child who is the subject of litigation. The fourth and fifth *Jacobson* factors are inapplicable now that the case has settled and Defendant supports the request to seal Plaintiff's identity.

This final point relates to the parties' suggestion, made in their Joint Motion to Seal, that sealing the court records or, specifically, Plaintiff's identity encourages settlement. The Court rejects this suggestion as a basis for sealing or redacting the documents filed in this case because the "generalized interest [in fostering settlement] cannot . . . outweigh the public's interest in access to the judicial process." *K.S.*, 2010 WL 3565481, at *3.

For these reasons, even if the parties were amenable to redacting Plaintiff's name from the court records, the Court would reject this less drastic alternative to sealing all court documents filed in this case.

## II.   CONCLUSION

The Court will not seal or permit redaction of the documents and records filed in this case because the parties assert no significant interest that outweighs the public's right of access to these records and to Plaintiff's identity. An appropriate order will issue.

Entered this _____ day of August, 2012.

/s/
_____
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia

8 /    / 12

7